**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD DAOUD; ODETTE DAOUD, | No. 12-70637 |
| Petitioners - Appellants, | CIR No. 12070-04 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Edward and Odette Daoud appeal pro se from the Tax Court's decision

upholding the Commissioner of Internal Revenue Services's notice of deficiency

and penalties against them for tax years 2000 and 2001.  We have jurisdiction

under 26 U.S.C. § 7482(a)(1).  We review de novo the Tax Court's legal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conclusions, *Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010), and for clear error its factual determinations, including the imposition of accuracy-related penalties, *Sparkman v. Comm'r*, 509 F.3d 1149, 1161 (9th Cir. 2007), and fraud penalties, *Edelson v. Comm'r*, 829 F.2d 828, 832 (9th Cir. 1987). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determination because the Daouds failed to offer evidence that clearly showed a right to the claimed deductions. *See Sparkman*, 509 F.3d at 1159 (taxpayer bears burden of "clearly showing" right to claimed deduction); *see also* 26 U.S.C. § 274(d) (deductions for "any traveling expense" and "for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation" requires substantiation of: (1) the amount of such expense; (2) the time and place of the travel, entertainment, amusement, or recreation; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer of the persons entertained).

The Tax Court did not clearly err in imposing a civil fraud penalty under 26 U.S.C. § 6663(a) because Edward Daoud's underpayment of his tax liability in 2000 was attributable to fraud. *See Bradford v. Comm'r*, 796 F.2d 303, 307 (9th Cir. 1986) (holding that fraud may be inferred from circumstantial evidence,

including such "badges of fraud" as understatement of income, inadequate records, and implausible or inconsistent explanations of behavior).

The Tax Court did not clearly err in imposing an accuracy-related penalty for the Daouds' underpayment of tax due to negligence or disregard of the rules and regulations and their substantial understatement of income tax. *See* 26 U.S.C. § 6662(a), (b)(1) & (2) (authorizing penalty not to exceed 20% of the underpayment for, among other things, negligence or disregard of rules or regulations or a substantial understatement of income tax); *id.* § 6662(c) (defining negligence and disregard); *id.* § 6662(d)(1)(A) (defining substantial understatement).

The Daouds' contentions that the revenue agent violated their due process rights are unpersuasive.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**